# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief March 2, 2006

## ANDREW BLAKE MOOREHEAD v. STACY CHRISTINE FUGITT (MOOREHEAD)

**Direct Appeal from the Chancery Court for Henderson County**
**No. 16216      James F. Butler, Chancellor**

_____

**No. W2005-02711-COA-R3-CV - Filed August 11, 2006**

_____

DAVID R. FARMER, J., dissenting.


I dissent from the majority opinion in this case because, in my view, the parenting plan clearly and unequivocally designated Father as the primary residential parent. Therefore, I believe it was necessary for the trial court to determine whether there had been a material change of circumstances and, if so, whether a modification would be in the child's best interest. Both parties sought to modify the permanent parenting plan.

As our supreme court held recently in *Kindrick v. Shoemake*, 90 S.W.3d 566 (Tenn. 2002):

> The principal issue in this case concerns the proper standard to be applied to a petition to modify custody from one parent to the other parent. This issue is largely resolved by our recent decision in *Blair v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002). *Blair* involved a custody dispute between a parent and a non-parent. We concluded that once a valid order of custody has been issued, subsequent custody modification proceedings should apply the "standard typically applied in parent-vs-parent modification cases: that a material change in circumstances has occurred, which makes a change in custody in the child's best interests." *Id*. at 148. As explained in *Blair*, the "threshold issue" is whether a material change in circumstances has occurred after the initial custody determination. *Id*. at 150. While "[t]here are no hard and fast rules for determining when a child's circumstances have changed sufficiently to warrant a change of his or her custody," the following factors have formed a sound basis for determining whether a material change in circumstances has

occurred: the change "has occurred after the entry of the order sought to be modified," the change "is not one that was known or reasonably anticipated when the order was entered," and the change "is one that affects the child's well-being in a meaningful way." *Id.* (citations omitted). We note that a parent's change in circumstances may be a material change in circumstances for the purposes of modifying custody if such a change affects the child's well-being.

> If a material change in circumstances has occurred, it must then be determined whether the modification is in the child's best interests. This determination should be made according to the factors enumerated in Tennessee Code Annotated section 36-6-106.

*Id.* at 570 (footnotes omitted).

I believe the judgment of the trial court should be vacated and the matter remanded to the trial court for a determination of whether there has been a material change of circumstances which has occurred since the initial custody determination and, if so, whether a modification of the permanent parenting plan is justified and in the best interest of the child.

_____

DAVID R. FARMER, JUDGE